UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE FRANK BARRON, Sr., CDCR #V-01476,<br><br>                        Plaintiff,<br><br>vs.<br><br>RAYMOND MADDEN, et al.<br><br>                        Defendants. | Case No.: 3:18-cv-01287-GPC-NLS<br><br>**ORDER**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**AND**<br><br>**2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)** |

Jose Frank Barron, Sr. ("Plaintiff"), proceeding pro se and while incarcerated at Centinela State Prison ("CEN"), in Imperial, California, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. *See* Compl. (ECF No. 1).

Plaintiff did not prepay the $400 civil filing fee required by 28 U.S.C. § 1914(a) at the time of filing; instead, he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a), followed by supplemental documentation in support. *See* ECF Nos. 2, 4.

1

## I. Motion to Proceed In Forma Pauperis

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

///

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

In support of his IFP Motion, Plaintiff has submitted a copy of his CDCR Inmate Statement Report as well as a Prison Certificate completed by an accounting officer at CEN. *See* ECF No. 4 at 4, 6-9; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These statements show that Plaintiff has carried an average monthly balance of $73.70, had $60.34 in average monthly deposits to his account over the 6-month period immediately preceding the filing of his Complaint, and had a $5.27 available balance on the books at the time of filing. *See* ECF No. 4 at 4, 7. Based on this accounting, the Court GRANTS Plaintiff's Motion to Proceed IFP (ECF No. 2) and assesses his initial partial filing fee to be $14.74 pursuant to 28 U.S.C. § 1915(b)(1).

However, because Plaintiff's available balance was only $5.27 at the time of filing, *see* ECF No. 4 at 4, 7, the Court will direct the Secretary of the CDCR, or his designee, to collect the initial $14.74 initial filing fee only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total fee owed in this case must be collected by the agency having custody of the prisoner and forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(2).

**II.    Sua Sponte Screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b)**

     A.    <u>Standard of Review</u>

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing

28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B. <u>Plaintiff's Allegations</u>

Plaintiff claims CEN's Warden and several California Department of Corrections and Rehabilitation ("CDCR") Office of Appeals officials violated his Eighth and Fourteenth Amendment rights on May 29, 2018, by interpreting provisions of Title 15 of the California Code of Regulations in such a way as to exclude him from "immediate parole consideration" as a "non-violent offender" as provided by California's Public Safety and

Rehabilitation Act of 2016, "Proposition 57." *Id.* at 3-5.[2]

Plaintiff claims he is "eligible for immediate parole consideration" pursuant to Cal. Const., Art 1, § 32(a)(1)(A), and that his "primary offense has been fulfilled." *Id.* at 4-5. He contends Defendants' refusal to conduct a "Non-Violent Parole Eligibility Analysis Process" ("NVPP") in his case has resulted in the denial of a protected liberty interest in parole consideration created by Prop. 57 without due process and amounts to cruel and unusual punishment. *Id.* at 3, 5 & Ex. A. at 10-11. He seeks only injunctive relief. *Id.* at 7.

As currently pleaded, the Court finds Plaintiff's Complaint contains "sufficient factual matter, accepted as true," to allege claims for relief that are "plausible on its face," *Iqbal,* 556 U.S. at 678, and therefore, sufficient to survive the "low threshold" for proceeding past the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and

---

[2] On November 8, 2016, the California voters approved The Public Safety and Rehabilitation Act of 2016—Proposition ("Prop") 57—and it took effect the next day. *People v. Marquez*, 11 Cal. App. 5th 816, 821, 217 Cal.Rptr.3d 814 (Cal. App. 2017); Cal. Const., Art. II, § 10(a). Proposition 57 added Article 1, section 32 to the California Constitution. That section provides, in relevant part, "Parole consideration: Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term of his or her primary offense," defined for these purposes as "the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence." (Cal. Const., art. I, § 32, subds. (a)(1), (a)(1)(A).). Proposition 57 provides an inmate who has completed his base term with a hearing before the Board of Parole Hearings (Cal. Const. Art. I, Sec. 32(a)). *See Herrera v. Sherman*, No. 1:17-CV-386-AWI-BAM, 2018 WL 3031547, at *2 (E.D. Cal. June 18, 2018). As currently pleaded, it does not appear that success on the merits of Plaintiff's alleged claims would "necessarily spell speedier release," but rather only a parole consideration hearing under Prop. 57. Therefore, his claims may proceed pursuant to 42 U.S.C. § 1983. *See Wilkinson v. Dotson*, 544 U.S. 74, 81, 125 S. Ct. 1242, 161 L.Ed.2d 253 (2005) ("§ 1983 remains available for procedural challenges where success in the action would not necessarily spell immediate or speedier release for the prisoner ... habeas remedies do not displace § 1983 actions where success in the civil rights suit would not necessarily vitiate the legality of (not previously invalidated) state confinement.").

1915A(b).³ *See Wilhelm,* 680 F.3d at 1123.

Therefore, the Court will order the U.S. Marshal to effect service upon Defendants on Plaintiff's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED. R. CIV. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

### III. Conclusion and Orders

For the reasons discussed, the Court:

1) **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2).

2) **ORDERS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the $14.74 initial filing fee assessed, if those funds are available at the time this Order is executed, and to forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3) **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4) **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No. 1) and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each named Defendant. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified copy of his Complaint, and the summons so that he may serve the Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the U.S. Marshal Form 285s as completely and accurately as possible, *include an address where each Defendant may*

---

³ Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

*be served*, *see* S.D. Cal. CivLR 4.1.c, and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package.

    5) **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon the Defendants as directed by Plaintiff on the USM Form 285s provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

    6) **ORDERS** the Defendants, once served, to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond); and

    7) **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon the Defendants, or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on the Defendants or their counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service upon the Defendants, may be disregarded.

    **IT IS SO ORDERED**.

Dated: August 31, 2018

                                                    *[signature]*
                                            Hon. Gonzalo P. Curiel
                                            United States District Judge