UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE FRANK BARRON, SR., <br><br> Plaintiff, <br><br> v. <br><br> RAYMOND MADDEN, et al., <br><br> Defendants. | Case No.: 18cv1287-GPC (NLS) <br><br> **ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL** <br><br> **[ECF No. 17]** |

Before the Court is Plaintiff's motion for appointment of counsel. ECF No. 17. Plaintiff is a prisoner, proceeding *pro se* and *in forma pauperis*, and has filed a civil complaint alleging civil rights violations. ECF No. 1.

"[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). In *pro se* and *in forma pauperis* proceedings, district courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989). But they do have discretion to request that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." 28 U.S.C. § 1915(e)(1); *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the

complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (*quoting Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

As to the merits of this case, Plaintiff only baldly claims that his claim is meritorious but fails to provide any support or reasoning. ECF No. 17 at 1 (stating "my claim is meritorious (this is, I have a good case)"). Unfortunately, bald assertions that claims are meritorious without any supporting evidence fail to satisfy the first factor of the *Wilborn* test. *Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993) (concluding likelihood of success not shown where the plaintiff did not present any evidence other than his own assertions to support his claims). At this time, the Court has only the pleadings before it, making it difficult to make a determination of the strength of Plaintiff's case. When the parties have not yet completed discovery and have not presented evidence to the Court in support of their claims and defenses, the Court cannot find that Plaintiff is likely to succeed on the merits of his claims. *See Garcia v. Smith*, No. 10-cv1187-AJB (RBB), 2012 WL 2499003, at *3 (S.D. Cal. June 27, 2012) (denying motion for appointment of counsel when it was too early to determine whether any of plaintiff's claims would survive a motion for summary judgment). Moreover, Defendants have a pending motion to dismiss, challenging the entirety of Plaintiff's complaint. ECF No. 11. Without any additional evidence supporting a likelihood of success on the merits, Plaintiff has not satisfied the first *Wilborn* factor.

As to the ability of Plaintiff to articulate his claims, Plaintiff states that he reads at or below a 9.0 grade reading level. ECF No. 17 at 1. Other than that, Plaintiff does not provide the Court with any additional details as to his personal circumstances. Limited education is not sufficient to meet exceptional circumstances. *See, e.g., Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990) (upholding denial of appointment of counsel where plaintiff complained that he had limited access to law library and lacked a legal education); *Galvan v. Fox*, No. 2:15-CV-01798-KJM (DB), 2017 WL 1353754, at

*8 (E.D. Cal. Apr. 12, 2017) ("Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel."). Without more, "[t]he court [simply] does not have the resources to appoint counsel for every prisoner with limited English language and reading skills who files a civil rights action." *Nguyen v. Bartos*, No. 2:10-cv-1461 WBS KJN P, 2012 WL 3589797, at *2 (E.D. Cal. Aug. 20, 2012).

In addition, the legal claims in this case are not particularly complex. The Court had reviewed Plaintiff's complaint and can understand the basis of his claims. Plaintiff demonstrates an understanding of basic litigation procedure, as evidenced by his ability to explain his claim in his complaint and this motion for appointment of counsel. Where a *pro se* civil rights plaintiff shows he has a good grasp of basic litigation procedure and has been able to articulate his claims adequately, he does not demonstrate the exceptional circumstances required for the appointment of counsel. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). As another court in this district noted, there is "no doubt [that] most *pro se* litigants find it difficult to articulate their claims and would be better served with the assistance of counsel." *Garcia v. Cal. Dep't of Corrections & Rehab.*, 2013 WL 485756, at *1 (S.D. Cal. Feb. 6, 2013). But whether a litigant would have fared better with counsel is not the test for appointment of counsel. *Thornton v. Schwarzenegger*, No. 10CV01583-BTM (RBB), 2010 WL 3910446, at *5 (S.D. Cal. Oct. 4, 2010). Thus, the Court finds that Plaintiff is sufficiently able to articulate his claims *pro se*, given the complexity of the issues involved. The second *Wilborn* factor is not satisfied.

//
//
//
//
//
//
//

For the foregoing reasons, the Court thus does not find the "exceptional circumstances" required for appointment of counsel under 28 U.S.C. § 1915(e)(1) to be satisfied at this time. Accordingly, Plaintiff's request for appointment of counsel is **DENIED WITHOUT PREJUDICE**.

Dated: January 25, 2019

*Nita L. Stormes*

Hon. Nita L. Stormes
United States Magistrate Judge