1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11   JOSE FRANK BARRON, Sr.,                    Case No.: 3:18-cv-01287-GPC-NLS
     CDCR #V-01476,
12
                                      Plaintiff,    **ORDER GRANTING DEFENDANTS'**
13                                                  **MOTION TO DISMISS AND**
                        vs.                         **DISMISSING THE COMPLAINT AS**
14                                                  **MOOT**

15
     RAYMOND MADDEN, et al.
16
                                    Defendants.     **(Dkt. No. 11.)**
17

18

19

20

21

22         On June 14, 2018, Jose Frank Barron, Sr. ("Plaintiff"), a state prisoner proceeding

23   pro se, at Centinela State Prison ("CEN"), in Imperial, California, filed a civil rights

24   complaint pursuant to 42 U.S.C. § 1983 seeking injunctive relief of an "immediate parole

25   consideration" hearing based on the implementation of Proposition 57. (Dkt. No. 1,

26   Compl.) Defendants filed a motion to dismiss, (Dkt. No. 11), which is fully briefed. (Dkt.

27   Nos. 19, 20.) Based on the reasoning below, the court GRANTS Defendants' motion to

28   dismiss and DISMISSES the complaint as moot.

## Background

On November 8, 2016, the California voters approved The Public Safety and Rehabilitation Act of 2016-Proposition 57-and it took effect the next day. <u>People v. Marquez</u>, 11 Cal. App. 5th 816, 821 (2017); Cal. Const., Art. II, § 10(a). Proposition 57 added Article 1, section 32 to the California Constitution and provides, in relevant part, "Parole consideration: Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term of his or her primary offense," defined for these purposes as "the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence." Cal. Const., art. I, § 32(a)(1), (a)(1)(A). Proposition 57 provides an inmate who has completed his base term with a hearing before the Board of Parole Hearings and not a guarantee of re-sentencing. <u>See</u> <u>Pugh v. Kernan</u>, Case No. 18cv6497-CRB,(PR), 2019 WL 651700, at *1 (N.D. Cal. Feb. 15, 2019).

In 2017, the CDCR promulgated regulations implementing Proposition 57. <u>See</u> 15 Cal. Code Regs. §§ 3490 and 3491. Section 3490 excluded from the definition of "nonviolent offenders" anyone who is incarcerated for a term of life with the possibility of parole. <u>Id.</u> § 3490(a)(3). Section 3491 identified which inmates are not eligible for parole consideration, and stated in part, "[A]n inmate is not eligible for parole consideration by the Board of Parole Hearings . . . if any of the following apply: (1) The inmate is an indeterminately-sentenced nonviolent offender as defined in section 3495." <u>Id.</u> § 3491(b)(1). In this case, because Plaintiff is an indeterminate nonviolent offender, Plaintiff was denied parole consideration.

Recently, in the case of <u>In re Edwards</u>, 26, Cal. App. 5th 1181 (2018), filed on September 7, 2018, after the filing of the instant complaint, the court of appeal voided the CDCR regulations explaining they "impermissibly circumscribe eligibility for Proposition 57 parole by barring relief for [an inmate] and other similarly situated inmates serving Three Strikes sentences for nonviolent offenses . . .[and] are inconsistent with section 32

[of the California Constitution]." Id. at 1192.  In response, the CDCR enacted emergency regulations "to allow inmates who are incarcerated for a term of life with the possibility of parole for nonviolent offenses to be eligible for parole consideration by the Board of Parole Hearings."  Hughey v. Kernan, No. 18-cv-00313-WQH-BGS, 2019 WL 329535, at *5 (S.D. Cal. Jan. 24, 2019) (quoting 1-Z Cal. Regulatory Notice Reg. 43 (Jan. 4, 2019) (https://oal.ca.gov/wp-content/uploads/sites/166/2019/01/1z-2019.pdf).

## Discussion

In the complaint, Plaintiff claims CEN's Warden and several California Department of Corrections and Rehabilitation ("CDCR") Office of Appeals officials violated his Eighth and Fourteenth Amendment rights on May 29, 2018, by interpreting provisions of Title 15 of the California Code of Regulations in such a way as to exclude him from "immediate parole consideration" as a "non-violent offender" as provided by California's Public Safety and Rehabilitation Act of 2016, "Proposition 57."  (Dkt. No. 1, Compl. at 3-5.)  Plaintiff claims he is "eligible for immediate parole consideration" pursuant to Cal. Const., Art 1, § 32(a)(1)(A), and that his "primary offense has been fulfilled."  (Id. at 4-5.)  He contends Defendants' refusal to conduct a "Non-Violent Parole Eligibility Analysis Process" ("NVPP") in his case has resulted in the denial of a protected liberty interest in parole consideration created by Proposition 57 without due process and amounts to cruel and unusual punishment. (Id. at 3, 5 & Ex. A. at 10-11.  He seeks only injunctive relief.  (Id. at 7.)

In their motion, Defendants argue that Plaintiff received the process he was due under the prior CDCR regulations.  Under those regulations, which are now void, an inmate with an indeterminately-sentenced for a nonviolent offense was not eligible for early parole consideration.  Plaintiff's prison records were reviewed and it was found that he was not eligible for early parole consideration under the regulations.  Therefore, he was not denied due process.  Defendants also argue that the Eighth Amendment claim is not clearly articulated but contend that an inmate's disappointment caused by additional months of incarceration before receiving parole is not an Eighth Amendment violation.  In light of In

3:18-cv-01287-GPC-NLS

re Edwards, they further argue that Plaintiff's request for injunctive relief is now moot. In his opposition, Plaintiff acknowledges the ruling in In re Edwards and the implementation of emergency regulations. He claims he requested an interview regarding this issue and a Correctional Case Records Analyst responded that the department is in the process of drafting new emergency regulations in compliance with In re Edwards and that about 3,000 non-violent third strike offenders would be impacted. (Dkt. No. 19, P's Opp. at 4-5.) The response also stated that the offenders will have to go through rigorous public safety screenings and a parole board hearing. (Id.) As of February 13, 2019, the filing of Plaintiff's opposition, he claims nothing has been done and he is not being afforded his due process rights under the new regulations.

To the extent Plaintiff claims a liberty interest in parole consideration, he fails to state a violation of the U.S. Constitution. "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 7 (1979). Instead, the only procedural due process protections under the U.S. Constitution is an opportunity to be heard and a statement of reasons if an inmate is denied parole. Id. at 16. Here, under the prior regulations, Defendants reviewed Plaintiff's prison records and determined he was not eligible for early parole consideration. (Dkt. No. 1, Compl. 3, 10-19.) Therefore, under Greenholtz, Plaintiff received the process he was due under the U.S. Constitution and fails to state a claim.

Next, Plaintiff does not articulate the basis for his Eighth Amendment claim based on the CDCR regulations. The Eighth Amendment establishes limits on the conditions that states may impose on prisoners and prohibits punishment that "involve the unnecessary and wanton infliction of pain", or "are grossly disproportionate to the severity of the crime." Rhodes v. Chapman, 452 U.S. 337, 345-46 (1981). Here, Plaintiff does not allege

any facts to support a violation of his Eighth Amendment.[1]  Accordingly, the Court GRANTS Defendants' motion to dismiss for failure to state a claim.

Moreover, because the regulations Plaintiff challenges are no longer operative, his claim for injunctive relief under § 1983 compelling CDCR to consider him eligible for early parole consideration under the prior regulations is now moot.  See Pugh, 2019 WL 651700, at *2 (dismissing plaintiff's complaint seeking early parole consideration under Proposition 57 as moot).  Accordingly, the Court GRANTS Defendants' motion to dismiss and DISMISSES the complaint as moot.

Because there are about 3,000 offenders subject to early parole consideration, review of each offenders' record and a hearing will take time.  The CDCR website addressing Frequently Asked Questions on Proposition 57: Indeterminately-Sentenced (Third Striker) Nonviolent Parole Process states that hearings will begin in June 2019.  See https://www.cdcr.ca.gov/proposition57/.  If Plaintiff fails to be considered for parole consideration under Proposition 57 within a reasonable time, he may seek to reopen the instant case or file a new complaint.

To the extent Plaintiff intends to challenge the application of the new CDCR regulations to his record, he must file a petition for writ of habeas corpus as his claim would "necessarily spell speedier release."  See Wilkinson v. Dotson, 544 U.S. 74, 81 (2005) ("§ 1983 remains available for procedural challenges where success in the action *would not necessarily* spell immediate or speedier release for the prisoner . . . ." (emphasis in original).

---

[1] In his opposition, Plaintiff raises a new issue not raised in his complaint.  He claims his Eighth Amendment right was violated because he has already served the full term of his primary offense of six years and because he has been incarcerated for thirteen years he is serving a double punishment which is a violation of the double jeopardy clause.  The Court notes that the double jeopardy clause falls under the Fifth Amendment, and applies to the states under the Fourteenth Amendment, and not the Eighth Amendment.  See Benton v. Maryland, 395 U.S. 784, 794 (1969).  To the extent the complaint challenges the prior CDCR regulations, his claim is now moot.  To the extent he seeks to assert a double jeopardy claim challenging the new regulations and seeks early release, he must file a petition for writ of habeas corpus under 28 U.S.C. § 2254 as he seeks an immediate or speedier release from prison.  See Wilkinson, 544 U.S. at 81.

5

## Conclusion

Based on the above, the Court GRANTS Defendants' motion to dismiss and DISMISSES the complaint as moot.   The hearing set for March 15, 2019 shall be **vacated**.

IT IS SO ORDERED.

Dated:  March 11, 2019

Hon. Gonzalo P. Curiel
United States District Judge

3:18-cv-01287-GPC-NLS